IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE MARKS, L.L.C. and POWERHOUSE LICENSING, L.L.C. Plaintiffs, v. CHI HSIN IMPEX, INC., COSTCO WHOLESALE CORPORATION, DICK'S SPORTING GOODS INC., DUNHAM'S ATHLEISURE CORPORATION, MEIJER INC., AND WAL-MART STORES INC., Defendants.   Case No. 2:04-CV-73923  Hon. Patrick J. Duggan
_____/

## **AMENDED STIPULATED PROTECTIVE ORDER**

WHEREAS, plaintiffs Powerhouse Marks, L.L.C. and Powerhouse Licensing L.L.C. (collectively, "Powerhouse") and defendants Chi Hsin Impex, Inc. ("Impex"), Costco Wholesale Corporation ("Costco"), Dick's Sporting Goods Inc. ("Dick's"), Dunham's Athleisure Corporation ("Dunham's"), Meijer Inc. ("Meijer"), and Wal-Mart Stores Inc. ("Wal-Mart") (collectively, "Defendants") believe that certain information that is or may be sought by discovery requests in this action constitutes trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties believe that it would facilitate discovery to produce such information under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

IT IS HEREBY STIPULATED, subject to the approval of the Court, that:

1. As used herein, "Confidential Information" or "Attorney Eyes Only Information" refers to information which a party or non-party claims to be its trade secret or confidential research development or commercial information within the meaning of Fed. R. Civ. P. 26(c).

2. Information to be treated under this Stipulated Protective Order as

Confidential Information or Attorney Eyes Only Information shall include:

 a. information set forth in response to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, provided that, prior to disclosure to the receiving party, the information or responses are plainly marked or otherwise least the caption page with a legend bearing the word "CONFIDENTIAL" or "ATTORNEY EYES ONLY";

 b. information set forth in documents made available for inspection by the producing party voluntarily or under Fed. R. Civ. P. 33(d) or 34 and which are identified at the time of inspection as comprising Confidential Information or Attorney Eyes Only Information;

 c. information set forth in any copies of documents produced voluntarily or under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery of the copies to the receiving party, the copies are marked by the producing party with a legend bearing the word "CONFIDENTIAL" or "ATTORNEY EYES ONLY" so as not to obscure any text on the document;

 d. information revealed by inspection of things or premises voluntarily or under Fed. R. Civ. P. 34, provided that, prior to the inspection, the party permitting inspection states in writing that its Confidential Information or Attorney Eyes Only Information will be disclosed by the inspection and specifies in writing those parts of the things or those areas of the premises in which its Confidential Information or Attorney Eyes Only Information will be revealed;

 e. information revealed during depositions upon oral examination under Fed. R. Civ. P. 30 or pursuant to subpoena under Fed. R. Civ. P. 45, except that the information revealed during any particular deposition shall cease to be Confidential Information or Attorney Eyes Only Information thirty (30) days after the deposition

transcript is received by the producing party, unless the information was designated as Confidential Information or Attorney Eyes Only Information on the record at the time of the deposition or the witness, his employer or his counsel before the thirty (30) day period has expired designates in writing that Confidential Information or Attorney Eyes Only Information of the witness or his employer is set forth in the transcript and identifies in writing the portions of the transcript that set forth that Confidential Information or Attorney Eyes Only Information. In the case of non-party witnesses, either a party or the non-party witness may designate information revealed as its Confidential Information or Attorney Eyes Only Information in the manner specified in this subsection 2.e;

      f.     any summary, digest, analysis or comment on any information identified in subparagraphs (a) - (e).

      3.     In the event that information which a party believes is entitled to protection as Confidential Information or Attorney Eyes Only Information is inadvertently produced or any inspection proceeds without the proper designation hereunder, the producing party may notify the receiving party, and the receiving party shall thereafter treat the information as Confidential Information or Attorney Eyes Only Information. If, prior to receiving such notice, the receiving party has disseminated the Confidential Information or Attorney Eyes Only Information to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Information or Attorney Eyes Only Information and, if possible without prejudicing the recipient(s), assure that the recipient(s) make no use or disclosure of the Confidential Information or Attorney Eyes Only Information, but shall have no other responsibility or obligation in respect to the information disseminated.

   4. Confidential Information shall be disclosed only to: (a) the Court under seal, (b) outside stenographic court reporters, computer consultants and support personnel and language translators (including support staff) as reasonably necessary, and (c) the additional individuals listed in subparagraphs i. through iii. below, provided such additional individuals have read this Amended Stipulated Protective Order in advance of disclosure and signed an undertaking in the form attached as Exhibit A, which shall be retained in the files of outside counsel:

    i. outside experts and outside consultants retained in this action, as well as clerical or support staff employees of such experts or consultants, but only to the extent that such employees reasonably need to have access to Confidential Information to perform their duties in connection with this action;

    ii. a deponent, other witness or named party who authored or received a document or thing marked "CONFIDENTIAL"; and

    iii. such other individuals as the parties may stipulate.

The foregoing provision notwithstanding, confidential information concerning the opposing party's revenues, costs attendant to such sales, and profits from such sales may be disclosed to one designee of the receiving party who is responsible for and or is working directly in the prosecution or defense of this action. In the case of Powerhouse, the corporate designee shall not be involved in business decision making relative to the manufacture, distribution, marketing, sale, or licensing of exercise equipment. In the case of Impex, the corporate designee shall not be involved in the marketing or licensing

of body building services.

     5.    Attorney Eyes Only Information shall be disclosed only to (a) the Court under seal, (b) outside stenographic court reporters, computer consultants and support personnel and language translators (including support staff) as reasonably necessary, and (c) the additional individuals listed in subparagraphs i. through iii. below, provided such additional individuals have read this Amended Stipulated Protective Order in advance of disclosure and signed an undertaking in the form attached as Exhibit A, which shall be retained in the files of outside counsel:

        i.    outside experts and outside consultants retained in this action, as well as clerical or support staff employees of such experts or consultants, but only to the extent that such employees reasonably need to have access to Attorney Eyes Only Information to perform their duties in connection with this action;

        ii.    a deponent, other witness or named party who authored or received a document or thing marked "ATTORNEY EYES ONLY"; and

        iii.    such other individuals as the parties may stipulate.

Attorney Eyes Only Information will not be disclosed to any officers, directors, employees, independent contractors or other representative(s) of a named party, other than outside counsel of record who have filed an appearance in this action and have been admitted to practice before this Court and those individuals otherwise identified in this paragraph number 5.

     6.    Any disclosure of Confidential Information or Attorney Eyes Only

Information to an individual listed in subparagraph i. under paragraph 4 or paragraph 5 above shall be limited to the information, documents and/or things which outside counsel for the party receiving the disclosure believes are reasonably required for such individuals to assist in this action.  Also, before disclosing Confidential Information or Attorney Eyes Only Information to any individual listed in subparagraphs i. and iii. under paragraph 4 or paragraph 5 above, the receiving party shall first give written notice to the producing party by personal service, facsimile or overnight courier.  Such notice shall include an executed copy of the undertaking in the form attached as Exhibit A.  In addition, such notice shall include, for an individual listed in subparagraphs i. and iii., a copy of the individual's resume or curriculum vitae, which shall include the individual's employment history, and state whether the individual is, or within the last three years was (a) employed by the receiving party; (b) employed by a third party which has a substantial ongoing business relationship with the receiving party; or (c) employed by, a consultant to, or otherwise affiliated with any business involved in the manufacture, distribution, marketing, sale, or licensing of exercise equipment, body building services, athletic-training attire, dietary supplements, nutritional supplements, nutritionally fortified water, protein based, nutrient-dense; snack bars, or drinking water.  No Confidential Information or Attorney Eyes Only Information shall be disclosed to such individual until written approval is obtained from counsel for the producing party or until after the expiration of five (5) business days.  If, during the period covering five (5) business days the party giving notice receives an objection from the disclosing party, there shall be no disclosure of Confidential Information or Attorney Eyes Only Information to the individual identified in the notice except as agreed to by the parties or by further order of the Court.  Prior to seeking resolution by the Court of any

disagreement as to matters within the scope of the Protective Order, the parties shall meet and confer promptly and in good faith in an effort to resolve such disagreement, and failing resolution, they, shall cooperate without delay in the submission of the issue to the Court.  In any such disagreement, the party opposing disclosure shall bear the burden of proof.

       7.       Confidential Information or Attorney Eyes Only Information shall be revealed by the receiving party only to the persons permitted access to it pursuant to paragraph 4 and paragraph 5 above.  Confidential Information and Attorney Eyes Only Information shall be used solely for the purposes of the prosecution or defense of this action and for no other purpose.

       8.       If a document containing Confidential Information or Attorney Eyes Only Information is to be filed with the Court, it shall be filed with the Clerk of the Court in a sealed envelope marked with the caption of the case, a schedule of the contents of the envelope, and the following notation: "Contains INFORMATION SUBJECT TO PROTECTIVE ORDER - To Be Opened By or As Directed by the Court" or with such other designation as is ordered by the Court or as required by the Clerk of the Court.

       9.       A party who files or serves any document that contains Confidential Information or Attorney Eyes Only Information shall be required to provide to counsel for another party, upon written request, copy of the document from which the Confidential Information or Attorney Eyes Only Information of any party or non-party other than the requesting party has been redacted, so that the requesting party may be allowed access to the redacted document without restriction by this Stipulated Protective Order.  If the document is one to which the requesting party may respond within a specified period of time (e.g. a motion) then the redacted copy of the document shall be

provided within two (2) days of receiving the request; otherwise, the redacted copy shall be provided as soon as it reasonably can be provided. Nothing in this provision shall require a party to provide redacted copies of production documents, except to the extent that such production documents are included in a document served or filed by a party (e.g., as exhibits to a motion or supporting declaration).

       10.     Should need arise during the trial or any hearing before the Court, a party may request disclosure of Confidential Information or Attorney Eyes Only Information. Upon such request, the Court shall hold an in camera inspection to determine the merits of the party's request seeking disclosure. Should the Court determine that disclosure of the requested information is appropriate, the party seeking disclosure shall reveal the information approved for disclosure in a manner proscribed by the Court and to ensure that the information approved for disclosure is safeguarded from public disclosure, to the extent possible and/or allowed by law.

       11.     This Amended Stipulated Protective Order shall not prevent any party from moving this Court for an order that Confidential Information or Attorney Eyes Only Information is not, in fact, confidential, provided that, prior to making such a motion the parties shall meet and confer in good faith to resolve any difference over the designation. On such a motion, the party seeking to maintain confidential or attorney eyes only shall have the burden of proving that the Confidential Information or Attorney Eyes Only Information in question is protectable under Fed. R. Civ. P. 26(c) or on some other basis. A party shall not be obligated to challenge the propriety of a designation of Confidential Information or Attorney Eyes Only Information at the time made, and failure to do so shall not preclude subsequent challenge or be used in this or any other proceeding as relevant to whether the information is or is not confidential or attorney eyes only.

12. This Amended Stipulated Protective Order is without prejudice to the right of any party to move this Court for an Order further permitting or restricting disclosure or use of any Confidential Information or Attorney Eyes Only Information.

13. Nothing in this Amended Stipulated Protective Order shall preclude any party from disclosing or using, in any manner or for any purpose, any information which either was lawfully in its possession or publicly available prior to being designated Confidential Information or Attorney Eyes Only Information in this litigation or was obtained from a third party having the right to disclose such information, except that, prior to examining a witness about Confidential Information or Attorney Eyes Only Information which the witness has had no opportunity to review because of its designation by the examining party as Confidential or Attorney Eyes Only, the witness may review the Confidential Information or Attorney Eyes Only privately with his or her counsel.

14. Nothing in this Amended Stipulated Protective Order shall require production of information which a party contends is protected from disclosure by the attorney-client privilege or the work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a party has inadvertently produced to another party information subject to claim of immunity or privilege and promptly notifies the receiving party, the receiving party shall promptly return all copies of the information and shall destroy any newly created derivative document such as a summary or comment on the inadvertently produced information, or shall promptly move the Court for an Order compelling production of

such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

15. In the event of any accidental or inadvertent disclosure of Confidential Information or Attorney Eyes Only Information other than in a manner authorized by this Amended Stipulated Protective order, counsel for the party responsible for the disclosure shall promptly notify opposing counsel of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure, including retrieving all copies of the Confidential Information or Attorney Eyes Only Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Confidential Information or Attorney Eyes Only Information in any form. Compliance with the foregoing shall not prevent the disclosing party from seeking further relief from the Court.

16. The recipient of any Confidential Information or Attorney Eyes Only Information shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Information or Attorney Eyes Only Information as is exercised by the recipient with respect to its own confidential of a similar nature, but in no event less than due care. Each recipient of any Confidential Information or Attorney Eyes Only Information produced in this action hereby agrees to be subject to the jurisdiction of this Court for the purposes of the implementation and enforcement of this Amended Stipulated Protective Order.

17. This Amended Stipulated Protective Order shall survive the termination of this litigation.

18. Upon termination of this litigation, all copies of documents containing Confidential Information or Attorney Eyes Only Information shall be destroyed within

thirty (30) days, with the exception of one archival copy of pleadings, depositions, deposition exhibits, Court exhibits and documents included in submission to the Court, which may retained by outside counsel.  Outside counsel for the receiving party shall promptly provide a written certification to the producing party that all documents containing Confidential Information or Attorney Eyes Only Information which are required to be destroyed under the terms of this paragraph have been destroyed.

      19.    The terms of this Amended Stipulated Protective Order may be applied to the documents, information and things received by a party from any person who is not a party to this litigation at the election of such person.

**IT IS SO ORDERED.**

                                            s/PATRICK
                                            United States District Judge

DATE: September 2, 2005

**SO STIPULATED:**

Dated: September 2, 2005	s/Robert M. Siminski
	George T. Schoof
	Robert M. Siminski
	Harness, Dickey & Piece, P.L.C.
	5445 Corporate Drive, Suite 400
	Troy, Michigan 48090
	Telephone: (248) 641-1252
	Facsimile: (248) 641-0270
	Attorneys for Plaintiffs
	e-mail: gtschoof@hdp. com

Dated: September 2, 2005	s/Edward R. Schwartz
	Kathleen A. Lang
	Dickinson Wright PLLC
	500 Woodward Avenue, Suite 4000
	Detroit, Michigan  48226
	Telephone: (313) 223-3500
	Facsimile: (313) 223-3458
	e-mail: klang@dickinsonwright.com

	Edward R. Schwartz
	Christie, Parker & Hale, LLP
	350 W. Colorado Blvd., Suite 500
	Pasadena, CA 91109-7068
	Telephone: (626) 795-9900
	Facsimile: (626) 577-P800
	Attorneys for Defendants Chi Hsin
Impex,	Inc., Costo Wholesale
Corporation, Dick's	Sporting
Goods Inc., Dunham's Athleisure
     Corporation, and Meijer Inc.

Dated: September 2, 2005	s/H. William Burdett, Jr.
	John R. Trentacosta
	H. William Burdett, Jr.
	Foley & Lardner LLP
	One Detroit Center
	500 Woodward Avenue, Suite 2700
	Detroit, Michigan 48226
	Telephone: (313) 234-7100
	Facsimile: (313) 234-2800
	bburdett@foley.com
	Attorneys for Defendant Wal-Mart
	Stores Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE MARKS, L.L.C. and
POWERHOUSE LICENSING, L.L.C.,

        Plaintiffs,        Case No. 2:04-CV-7393

v.        Hon. Patrick J. Duggan

CHI HSIN IMPEX, INC., COSTCO WHOLESALE
CORPORATION, DICK'S SPORTING GOODS, INC.,
DUNHAM'S ATHLEISURE CORPORATION, MEIJER
INC., and WAL-MART STORES INC.,

        Defendants.
_____/

## **UNDERTAKING OF**

    I, _____, declare:

    1.    My address is _____. My current occupation is _____.

    2.    I have received a copy of this Amended Stipulated Protective Order in this action. I have carefully read and I understand the provisions of the Amended Stipulated Protective Order.

    3.    I will comply with all of the provisions of the Amended Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Amended Stipulated Protective Order, and will use only for purposes set forth in the Amended Stipulated Protective Order any Confidential Information or Attorney Eyes Only Information which is disclosed to me.

      4.      Promptly upon termination of this action, I will return all Confidential Information or Attorney Eyes Only Information which came into my possession, and all documetns or things which have been prepared related thereto, to counsel for the party by whom I am employed or retained, or I will certify destructin thereof.

      5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Amended Stipulated Protective Order in this action.

_____
                                (Signature)

Subscribed and sworn to before me
this _____ day of_____, 2005.

_____
Notary Public