UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE MARKS, L.L.C. and
POWERHOUSE LICENSING, L.L.C,

      Plaintiffs,

v.                                          Case No. 04-73923
                                          Honorable Patrick J. Duggan

CHI HSIN IMPEX, INC., COSTCO
WHOLESALE CORPORATION,
DICK'S SPORTING GOODS, INC.,
DUNHAM'S ATHLEISURE CORPORATION,
MEIJER, INC., and WAL-MART STORES, INC.

      Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF POWERHOUSE LICENSING, L.L.C.

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 7, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Plaintiffs Powerhouse Marks, L.L.C. ("Powerhouse Marks") and Powerhouse Licensing, L.L.C. ("Powerhouse Licensing") filed this action alleging trademark infringement by Defendants. On August 2, 2005, Defendants (except Defendant Wal-Mart Stores, Inc.) filed a motion to dismiss Powerhouse Licensing. Plaintiffs filed a response to Defendants' motion on August 26, 2005, stipulating to the dismissal of

1

Powerhouse Licensing.[1]

Accordingly,

**IT IS ORDERED**, that the Motion to Dismiss Plaintiff Powerhouse Licensing, L.L.C., filed by Defendants Chi Hsin Impex, Inc., Costco Wholesale Corporation, Dick's Sporting Goods, Inc., Dunham's Athleisure Corporation, and Meijer, Inc. is **GRANTED**;

**IT IS FURTHERED ORDERED**, that **PLAINTIFF POWERHOUSE LICENSING L.L.C.** is **DISMISSED AS A PLAINTIFF**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Edward R. Schwartz, Esq.
George T. Schooff, Esq.
Kathleen A. Lang, Esq.
Howard W. Burdett Jr., Esq.
H.G. Robert, Esq.

---

[1] According to Plaintiffs, Defendants failed to contact Plaintiffs prior to filing their motion to dismiss in order to seek concurrence for the relief sought. Pursuant to Eastern District of Michigan Local Rule 7.1, a movant must ascertain whether the contemplated motion will be opposed prior to filing the motion. Furthermore, "[i]f concurrence is not obtained, the motion must state (A) there was a conference between attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought; or (B) despite reasonable efforts specified in the motion, the movant was unable to conduct a conference." E.D. Mich. L.R. 7.1. In this case, Defendants have not made any representations in conformance with Rule 7.1 in their motion. If Plaintiffs in fact were not contacted by Defendants regarding the relief requested in the pending motion prior to Defendants filing the motion, the Court admonishes Defendants for failing to comply with this rule. If Defendants had done so, a stipulated order could have been filed making the subject matter of the motion a matter of record and the Court's time would not be wasted reviewing the matter.