### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

POWERHOUSE MARKS, L.L.C. and
POWERHOUSE LICENSING, L.L.C.,

|  |  |
|---|---|
| **Plaintiffs,** | **CIVIL ACTION NO. 04-CV-73923-DT** |
| **vs.** | **DISTRICT JUDGE PATRICK J. DUGGAN** |
| **CHI HSIN IMPEX, INC.,** | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| **Defendant.** | |

_____/

### ORDER DENYING PLAINTIFF"S MOTION TO COMPEL DEFENDANT TO
### PROVIDE A COMPLETE, NON-EVASIVE ANSWER TO INTERROGATORY NO. 20

On October 6, 2004, Plaintiffs Powerhouse Marks L.L.C.  and Powerhouse Licensing, LLC, owners of the "Powerhouse" and "Powerhouse Gym" trademarks, sued Defendant, a maker of exercise equipment, alleging that Defendant's sales of exercise equipment using Plaintiffs' registered marks violate the Federal Lanham Act, infringe on the marks, and violate Michigan consumer protection law.  Defendant filed an answer to the complaint on November 10, 2004.

Plaintiffs filed its Motion to Compel Defendant to Provide a Complete, Non-Evasive Answer to Interrogatory No. 20 on August 4, 2005.  On August 18, 2005 Defendant filed its response.  A reply to Defendant's response was filed by Plaintiffs on August 24, 2004.  The Motion was referred to the undersigned on August 5, 2005.

Plaintiffs' Interrogatory 20 asks Defendant to: "Identify all foreign entities related to Defendant, or in which Defendant holds an interest, or which hold an interest in Defendant."  In its Answer to Interrogatory 20, Defendant answered "none."

Plaintiffs argue that Defendant's response is evasive because Defendant failed to identify its relationships with Imbell Sport Equipment Co., Ltd. Of Quingdao, China, and Zhong Jixing. Under Fed. R. Civ. P. 37(a)(3), an evasive or incomplete answer to an interrogatory is to be treated as a failure to answer. When faced with incomplete or evasive answers to interrogatories, Fed. R. Civ. P. 37(d) allows a court to "make such orders in regard to the failure as are just" and is specifically authorizes a variety sanctions detailed in Fed. R. Civ. P. 37(b)(2).

Plaintiff claims that Defendant's failure to mention Imbell in its answer to Interrogatory 20 is evasive because Defendant previously had a substantial ownership interest in Imbell which ended in December, 2003. Since then Imbell has continued to function as Defendant's supplier. Plaintiffs concede that at the time Defendant answered the interrogatory, Defendant had no ownership interest in Imbell, and Imbell had no ownership interest in Defendant. Interrogatory No. 20 further asks Defendant to "identify all foreign entities related to Defendant". Plaintiffs do not dispute that at the time Defendant answered the Interrogatory, Defendant had no corporate parents or siblings. Plaintiff's Interrogatory 20 is written in the present tense. Defendant's answers are factually responsive, and therefore are not evasive within the meaning of Fed. R. Civ. P. 37(a)(23).

Plaintiffs also argue that Defendant's responses are misleading because Interrogatory 20 must be read in conjunction with the "Instructions and Definitions" provided with the Interrogatories. Specifically:

> The Terms "Defendant" and "you" means and includes [sic] Defendant Chi Hsin Impex, Inc., its affiliates, subsidiaries, related companies, employees, officers, directors, representatives, agents, joint venturers, attorneys, and includes any predecessors or successors in interest, any persons who are, or at any time to which these discovery requests relate were, controlled by or otherwise acting on behalf of the foregoing, including former affiliates, subsidiaries, related companies, employees, officers, directors, representatives, agents and joint venturers and attorneys.

Plaintiffs argue that the term "Defendant" in  Interrogatory No. 20 must be given the full meaning suggested by Plaintiffs' "Instructions and Definitions."

However, Plaintiffs Interrogatories fail to use the term "Defendant" in a manner consistent with the definition given in the "Instructions and Definitions."[1]  Even accepting, *arguendo*, Plaintiffs' overly broad definition of the term "Defendant" in Interrogatory 20, Defendant's response is still adequate.  As a person or entity "controlled or acting on behalf of" Impex at a "time to which the discovery requests relate," Imbell would be a part of the  "Defendant" to which Plaintiffs believe Interrogatory 20 was addressed.

Similarly, Defendant's failure to mention Zhong Jixing in its response to Interrogatory 20 is not evasive.  Plaintiffs argues that Mr. Jixing should have been named because he is a current employee of Defendant  who also has a relationship with Imbell.  In support, Plaintiffs again rely on their "Instructions and Definitions."  Interrogatory 20 cannot  reasonably be read to require Defendant to list each and every one of its employees.  Given the lack of specificity in the language of the interrogatory, Defendant would not be required to answer how any one employee, including Mr. Jixing,  was related to Imbell or any other entity.

While the relationship between Imbell and Impex may be important to Plaintiffs' case, the Federal Rules of Civil Procedure do not require Defendant to volunteer information not specifically addressed by an Interrogatory.  Therefore, Plaintiff's Motion to Compel is **DENIED**.

---

[1]*See* Plaintiffs Interrogatories 12, 18, and 19.

**IV.      Notice to Parties Regarding Objections**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this

Order within which to file any written appeal to the District Judge as may be permissible under 28

U.S.C. 636(b)(1).

DATED: 09/27/05                              s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE




**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: 09/27/05                              s/ Lisa C. Bartlett
                                            Courtroom Deputy