UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE MARKS, L.L.C. and
POWERHOUSE LICENSING, L.L.C.,

        Plaintiffs,                  CIVIL ACTION NO. 04-CV-73923-DT

   vs.                              DISTRICT JUDGE PATRICK J. DUGGAN

CHI HSIN IMPEX, INC.,          MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT RETAILERS TO PROVIDE COMPLETE, NON-EVASIVE ANSWERS TO INTERROGATORY NOS. 1, 2, AND 3

On October 6, 2004, Plaintiffs Powerhouse Marks L.L.C. and Powerhouse Licensing, LLC, owners of the "Powerhouse" and "Powerhouse Gym" trademarks, sued Defendants, makers and distributors of exercise equipment, alleging that Defendants' sales of exercise equipment using Plaintiffs' registered marks violate the Federal Lanham Act, infringe on the marks, and violate Michigan consumer protection law. Defendant filed an answer to the complaint on November 10, 2004.

On June 7, 2005, Powerhouse served its First Set of Interrogatories on Defendants Dick's, Dunham's, Meijer, and Costco. In response to Plaintiff's discovery requests, Defendants asserted that each "request is overly broad and unduly burdensome and seeks information which is beyond the scope of discovery as defined in Rule 26, Fed. R. Civ. P." (Plaintiff's Exhibits 2A–D attached to Motion to Compel). After receiving Defendants' objections, Plaintiff's counsel again asked that Defendants provide answers responsive to its discovery requests (Plaintiff's Exhibit 3). On July 15, 2005, Defendants served Supplemental Responses to Plaintiff's discovery requests in which they reiterated their previous objections, but also referred Plaintiff to several hundreds of pages of bates stamped documents which Defendants contend sufficiently respond to Plaintiff's interrogatories (Plaintiff's

Exhibits 4A-D). Plaintiff maintained that Defendants Supplemental Responses were still inadequate in that Plaintiff was unable to ascertain how the several hundred pages of documents were responsive to its interrogatory requests. On August 30, 2005, Defendant amended their Supplemental Responses by narrowing the range of documents contained in their first Supplemental Responses. Plaintiff again complained that Defendants' amended Supplemental Responses were insufficient to allow Plaintiff to ascertain how the documents were responsive to its discovery requests.

On September 9, 2005, Plaintiff filed its third Motion to Compel which has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). Defendants filed their Opposition to Plaintiff's Motion to Compel and Plaintiff filed its Reply. The Court is dispensing with oral argument pursuant to E.D. Mich. LR 7.1(e). *See generally In re Texas Bumper Exchange, Inc. v. Veliz,* 2005 Bankr. LEXIS 1936 (Bankr W.D. Texas 2005)(holding that Fed. R. Civ. P. 37(a) "does not by its terms require that there be a hearing on a party's application for an order compelling discovery – only that there be reasonable notice.").

**GENERAL DISCOVERY STANDARDS**

The Federal Rules of Civil Procedure provide for broad, liberal discovery of any information which may be relevant to a suit. The discovery rules, like all of the Rules of Civil Procedure, must "be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1; *accord North River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (courts should apply discovery rules in accordance with "the important but often neglected Rule 1 of the Federal Rules of Civil Procedure[.]"). Under FED. R. CIV. P. 26(b)(1), discovery may be had "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . if the information sought appears reasonably calculated to the discovery of admissible

evidence." The determination of "relevance" is within the court's sound discretion. *See, e.g.*, *Watson v. Lowcountry Red Cross*, 974 F.2d 482 (4th Cir. 1992); *Todd v. Merrell Dow Pharm.*, 942 F.2d 1173 (7th Cir. 1991); *McGowan v. General Dynamics Corp.*, 794 F.2d 361 (8th Cir. 1986). In applying the discovery rules, "relevance" should be broadly and liberally construed. *Herbert v. Lando*, 441 U.S. 153 (1979); *Hickman v. Taylor*, 329 U.S. 495 (1947); *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991). "The requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms." *Miller v. Pancucci*, 141 F.R.D. 292, 294 (C.D. Cal. 1992). Additionally, "[i]n ruling on a discovery motion, a court will not determine whether the theory of the complaint is sound, or whether, if proven, would support the relief requested." 4 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 26.07[1] (2d ed. 1995); *see also*, *Garland v. Torre*, 259 F.2d 545 (2d Cir. 1958).

Under Fed. R. Civ. P. 33(b), "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." "An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence." *Burton Mechanical Contractors, Inc., v. Foreman*, 148 F.R.D. 230 (N.D. Ind. 1992); *see also McCleod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Schaap v. Executive Indus., Inc.*, 130 F.R.D. 384 (N.D. Ill. 1990). As one court has noted "[a] party resisting discovery is swimming against a strong upstream policy current [where] [t]he policy underlying the discovery rules encourages more rather than less discovery, and discourages obstructionist tactics." *In re Texas Bumper Exchange, Inc., v. Veliz*, 2005 Bankr. LEXIS 1936 (2005).

### **Plaintiff's Interrogatories No. 1, 2, and 3**

At issue here is Plaintiff's First Set of Interrogatories Nos. 1, 2, & 3 which are set forth below:

> 1. Identify the following, with the information pertaining to products bearing and/or sold under the mark POWERHOUSE being listed

>   separately: every product purchased by Defendant from Chi Hsin Impex, Inc. ("Impex") by name and model number and state the date that each product was purchased; the quantities of each purchase; the price paid by Defendant per product; and all persons known to the Defendant to have knowledge of these facts.
>
>   2. With respect to the products identified in response to Interrogatory No. 1, please provide the following with products bearing and/or sold under the mark POWERHOUSE being listed separately: the dates that each product was sold by Defendant; the average yearly price that each product was sold at; the dollar volume of each product sold on an annual basis; Defendant's profits for each product on an annual basis; and Defendant's costs for each product on an annual basis with an explanation as to how such costs are calculated; and all persons known to the Defendant to have knowledge of these facts.
>
>   3. State in round numbers Defendant's actual advertising expenditures on a yearly basis for each product identified in Interrogatory No. 1, with the advertising expenditures of the products bearing or sold under POWERHOUSE being identified separately.

(Plaintiff's Exhibits 2A–D). In their initial responses to Plaintiff's interrogatories, Defendants asserted that each request was "overly broad and unduly burdensome and seeks information which is beyond the scope of discovery as defined in Rule 26, Fed. R. Civ. P." These objections can be easily discarded by a plain reading of Rule 33(b) which requires that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed. R. Civ. P. 33(b)(4).

Here, Defendants offered no support for their perfunctory objections. Having failed to do so, it is entirely within the province of the Court to summarily reject Defendants objections. Other courts have similarly concluded that unsupported perfunctory objections should be rejected by the court upon the interrogating party's motion to compel. "[As] the Advisory Committee's notes to Rule 33 indicate, a court need only 'pass on the objections' after they are made and after the interrogating party makes a motion to compel under Rule 37(a)." *In re Texas Bumper Exchange*, 2005 Bankr. LEXIS 1936 ** 8. The underlying purpose for this rule is to promote the parties to resolve the discovery dispute by

-4-

communicating, with specificity, the nature of their objections. The rule does not contemplate, however, that parties should assert unsupported perfunctory objections with the hope that the Court will later entertain their 'better' argument during a hearing on a motion to compel. Such a practice demonstrates a serious lack of a good faith effort in resolving discovery disputes and wastes scarce judicial resources by addressing facially meritless objections. One court has summarized this problem as follows:

> The rules do not require a hearing to be held in order for a court to pass on the legitimacy of objections to discovery. A court could, if it so chose, rule on the moving papers alone with respect to a Rule 37(a) motion to compel. *White v. Wirtz*, 402 F.2d 145, 148 (10th Cir. 1968). A party seeking to resist discovery must make its best case for doing so in its objections to the discovery itself. *See id*; *see also In re Folding Carton Antitrust Lit.*, 83 F.R.D. 260 (D.C. Ill. 1979)(citations omitted). If those objections are not facially sustainable, then the court is permitted to overrule them, and to order compliance, as the court did here. The defendant's objections to interrogatories, requests for production, and requests for admission were not facially sustainable. If defendant here intended to present his first, best case for resisting discovery at a hearing on a motion to compel, rather than clearly and facially in his responses to discovery, then movant failed to heed the clear warnings in the rules themselves – the objections must be clear and specific, such that they are facially sustainable, failing which they may be overruled, without further hearing. *See In re Folding Carton*, 83 F.R.D. at 264.

*In re Texas Bumper Exchange*, 2005 Bankr. LEXIS 1936 ** 8. Accordingly, this Court rejects Defendants' perfunctory objections to Plaintiff's First Set of Interrogatories.

Next, the Court considers Defendants' Supplemental Responses to Plaintiff's Interrogatories in which Defendants pointed to a range of documents that they alleged were responsive to Plaintiff's interrogatory requests. Plaintiff maintains that the documents produced by Defendants are indecipherable and do not adequately answer their requests. In their Brief in Opposition to Plaintiff's Motion to Compel, Defendants provide a more detailed explanation as to the meaning of the documents and argue that Plaintiff should be able to read and interpret the documents. Plaintiff contends, however,

that Defendants' explanations and suggested formulas yield inconsistent results.

Resolution of this conflict rests on Fed. R. Civ. P. 33(d) which provides:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained [].

Fed. R. Civ. P. 33(d). In this case, it is clear that Defendants' production of documents were not responsive to Plaintiff's requests. As Plaintiff indicated in its Reply Brief, it was unable to ascertain the answers to its requests by following the calculations provided by Defendants. Independent of Plaintiff's assertions, the Court has also reviewed those documents under seal and has concluded that the documents are not responsive to Plaintiff's interrogatories. The documents contain line item data arranged by columns and UPC codes. From this raw data, the Court was unable to ascertain the average yearly price at which Defendants sold Powerhouse products or Defendants' annual profits for such sales. Nor could the Court ascertain Defendants' actual annual advertising expenditures for Powerhouse products. Thus, Defendants' document production does not appear responsive to Plaintiff's discovery requests.

The Court is convinced that given the nature of the raw data and Plaintiff's failed attempts to calculate the information responsive to its discovery requests, Defendants' burden in deriving the information sought in Plaintiff's interrogatories is much less than Plaintiff's. The Court is also convinced that Defendants are better positioned to accurately interpret and/or explain the documents produced and how those documents are responsive to Plaintiff's interrogatory requests. Certainly Defendants have the capability to compute and provide in summary fashion annual sales figures and expenditures for specific products. Under the Federal Rules, a party may be ordered to produce such

information even when the electronic information does not exist in the format requested. *See generally* Fed. R. Civ. P. 34, Advisory Committee's notes specifying that a "respondent may be required to use his devices to translate the data into usable form." Furthermore, this Court has concluded that:

> Although there may be some differences between requiring the production of existing tapes and requiring a party to so program the computer as to produce data in computer-readable as opposed to printout form, we find it to be a distinction without a difference, at least in the circumstances of this case.

*In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987,* 130 F.R.D. 634, 636 (E.D. Mich. 1989)(citing *National Union Electric Corp. v. Matsushita Electric Industrial Co., Ltd.,* 494 F. Supp. 1257, 1262-63 (E.D. Pa 1980)). This Court similarly concludes that Defendants must produce to Plaintiff a more usable form of data that is responsive to Plaintiff's discovery requests.

Accordingly, Plaintiff's Motion to Compel the Retailer-Defendants to Provide Complete, Non-Evasive Answers to Interrogatory Nos. 1,2, and 3 is **GRANTED**. As indicated herein, Defendant must produce within fifteen (15) days of this Order such documents responsive to Plaintiff's interrogatory requests.

**IT IS SO ORDERED.**

Finally, the Court considers Plaintiff's request for costs incurred in bringing this motion. Fed. R. Civ. P. 37 governs sanctions for a party's failure to make or cooperate in the discovery process. Specifically, Rule 37(d) authorizes a district court to impose discovery sanctions notwithstanding the absence of an order compelling discovery. In *Jackson v. Nissan Motor Corp.*, 888 F.2d 1391 (6th Cir. 1989)(unpublished), the court held that "the majority view authorizes Rule 37(d) sanctions when a party's 'evasive or incomplete answers to proper interrogatories impede discovery.'" *Jackson*, 888 F.2d at 1391 (citing *Badalamenti v. Dunham's Inc.*, 118 F.R.D. 437, 439 (E.D. Mich. 1987); *Bell v. Automotive Club of Michigan*, 80 F.R.D. 228, 232 (1978); *Airtex Corp. V. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)). Additionally, "[a] district court has the inherent power to sanction a party when that party

exhibits bad faith, including the party's refusal to comply with the court's orders." *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003)(citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991)). In this case, the Court concludes that Defendants' objections to Plaintiff's discovery failed to conform with the Federal Rules of Civil Procedure. In this respect, Plaintiff is entitled to fees and costs under Rule 37. The Court also concludes that an award of costs and fees is an appropriate sanction given Defendants' bad faith and dilatory discovery tactics. Plaintiff is hereby ordered to submit, within ten (10) days from the date of this order, a Bill of Costs incurred in bringing this motion. Defendants may file an objection to Plaintiff's Bill of Costs within five (5) days following Plaintiff's filing after which the Court will determine the reasonableness of Plaintiff's proposed Bill of Costs.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 15, 2005         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 15, 2005         s/ Lisa C. Bartlett
                                 Courtroom Deputy