**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

POWERHOUSE MARKS, L.L.C. and
POWERHOUSE LICENSING, L.L.C.,

        Plaintiffs,                CIVIL ACTION NO. 04-CV-73923-DT

    vs.                             DISTRICT JUDGE PATRICK J. DUGGAN

CHI HSIN IMPEX, INC.,         MAGISTRATE JUDGE MONA K. MAJZOUB
ET AL.,
        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DEFENDANT WAL-MART TO PROVIDE COMPLETE, NON-EVASIVE ANSWERS TO INTERROGATORY NOS. 1, 2, AND 7**

On October 6, 2004, Plaintiffs Powerhouse Marks L.L.C. and Powerhouse Licensing, LLC, owners of the "Powerhouse" and "Powerhouse Gym" trademarks, sued Defendant Chi Hsin Impex ("Impex"), a maker and distributor of exercise equipment, alleging that Defendants' sales of exercise equipment using Plaintiffs' registered marks violate the Federal Lanham Act, infringe on the marks, and violate Michigan consumer protection law. Plaintiffs filed an Amended complaint on April 5, 2005, adding Wal-Mart Stores, Inc. ("Wal-Mart") and several other retailers as defendants. Defendant Wal-Mart filed an answer to the complaint on April 26, 2005.

On July 7, 2005, Powerhouse served its First Set of Interrogatories on Defendant Wal-mart. Defendant Wal-Mart responded on July 19, 2005, and objected that Interrogatories 1 and 2 were "compound, overly broad, unduly burdensome, and [seek] information that is equally available to Powerhouse from third-parties, including Defendant Chi Hsin Impex, Inc." and also listed the names and addresses of several individuals with knowledge of the subject of the Interrogatories. (Plaintiffs' Exhibit 1 attached to Motion to Compel). With respect to Interrogatory 7, Defendant

Wal-Mart objected that the terms in the Interrogatory were vague and undefined, and that Interrogatory 7 sought information protected by the work product privilege.[1]

On September 8, 2005, Defendant Wal-Mart served Supplemental Responses to Plaintiffs' discovery requests in which they reiterated their previous objections, but also referred Plaintiffs to 1771 pages of Bates stamped documents which Defendant Wal-Mart contends sufficiently respond to Plaintiffs' Interrogatories. Plaintiffs maintain that Defendant's Supplemental Responses are still inadequate in that Plaintiffs are unable to ascertain with reasonable effort how the voluminous documents are responsive to Plaintiffs' Interrogatories.

On September 21, 2005, Plaintiffs filed their Motion to Compel, which has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). Defendant Wal-Mart filed its Opposition to Plaintiffs' Motion to Compel and Plaintiffs filed their Reply. The Court is dispensing with oral argument pursuant to E.D. Mich. LR 7.1(e). *See generally In re Texas Bumper Exchange, Inc. v. Veliz*, 2005 Bankr. LEXIS 1936 (Bankr W.D. Texas 2005)(holding that Fed. R. Civ. P. 37(a) "does not by its terms require that there be a hearing on a party's application for an order compelling discovery – only that there be reasonable notice."). **GENERAL DISCOVERY STANDARDS**

The Federal Rules of Civil Procedure provide for broad, liberal discovery of any information which may be relevant to a suit. The discovery rules, like all of the Rules of Civil Procedure, must "be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1; *accord North River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (courts should apply discovery rules in accordance with "the important

---

[1] Wal-Mart provided no privilege log, or any factual basis for the claim of privilege.

but often neglected Rule 1 of the Federal Rules of Civil Procedure[.]"). Under FED. R. CIV. P. 26(b)(1), discovery may be had "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . if the information sought appears reasonably calculated to the discovery of admissible evidence." The determination of "relevance" is within the court's sound discretion. *See, e.g.*, *Watson v. Lowcountry Red Cross*, 974 F.2d 482 (4th Cir. 1992); *Todd v. Merrell Dow Pharm.*, 942 F.2d 1173 (7th Cir. 1991); *McGowan v. General Dynamics Corp.*, 794 F.2d 361 (8th Cir. 1986). In applying the discovery rules, "relevance" should be broadly and liberally construed. *Herbert v. Lando*, 441 U.S. 153 (1979); *Hickman v. Taylor*, 329 U.S. 495 (1947); *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991). "The requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms." *Miller v. Pancucci*, 141 F.R.D. 292, 294 (C.D. Cal. 1992). Additionally, "[i]n ruling on a discovery motion, a court will not determine whether the theory of the complaint is sound, or whether, if proven, would support the relief requested." 4 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 26.07[1] (2d ed. 1995); *see also*, *Garland v. Torre*, 259 F.2d 545 (2d Cir. 1958).

Under Fed. R. Civ. P. 33(b), "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." "An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence." *Burton Mechanical Contractors, Inc., v. Foreman*, 148 F.R.D. 230 (N.D. Ind. 1992); *see also McCleod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Schaap v. Executive Indus., Inc.*, 130 F.R.D. 384 (N.D. Ill. 1990). As one court has noted "[a] party resisting discovery is swimming against a strong upstream

policy current [where] [t]he policy underlying the discovery rules encourages more rather than less discovery, and discourages obstructionist tactics." *In re Texas Bumper Exchange, Inc., v. Veliz*, 2005 Bankr. LEXIS 1936 (2005).

### *Plaintiffs' Interrogatories No. 1 and 2*

At issue here are Plaintiffs' Interrogatories Nos. 1 and 2, which state:

> 1. Identify the following, with the information pertaining to products bearing and/or sold under the mark POWERHOUSE being listed separately: every product purchased by Defendant from Chi Hsin Impex, Inc. ("Impex") by name and model number and state the date that each product was purchased; the quantities of each purchase; the price paid by Defendant per product; and all persons known to the Defendant to have knowledge of these facts.

> 2. With respect to the products identified in response to Interrogatory No. 1, please provide the following with products bearing and/or sold under the mark POWERHOUSE being listed separately: the dates that each product was sold by Defendant; the average yearly price that each product was sold at; the dollar volume of each product sold on an annual basis; Defendant's profits for each product on an annual basis; and Defendant's costs for each product on an annual basis with an explanation as to how such costs are calculated; and all persons known to the Defendant to have knowledge of these facts.

(Plaintiffs' Exhibit 1). This Court addressed a nearly identical dispute involving similar Interrogatories to co-defendant retailers in an opinion dated November 15, 2005. The Court's reasoning in that opinion applies with full force here.

Defendant Wal-Mart has asserted perfunctory "general objections" to each Interrogatory, asserting nearly every ground for objecting to an Interrogatory ever available to any party with respect to each and every one of Plaintiffs' Interrogatories. These objections can be easily discarded by a plain reading of Rule 33(b) which requires that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived

unless the party's failure to object is excused by the court for good cause shown." Fed. R. Civ. P. 33(b)(4).

Defendant also points to hundreds of pages of database printouts produced as allegedly responsive to Plaintiffs' Interrogatories. Plaintiffs maintain that the documents produced by Defendant are indecipherable and do not adequately answer their Interrogatories.

Resolution of this conflict rests on Fed. R. Civ. P. 33(d) which provides:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained [].

Fed. R. Civ. P. 33(d). The Court has also reviewed the documents submitted under seal and concludes they are not adequately responsive to Interrogatories 1 and 2. The documents contain line item data arranged by columns and UPC codes. From this raw data, the Court is unable to ascertain the information sought by the Interrogatories. Thus Defendant Wal-Mart's document production is not adequately responsive to Plaintiffs' discovery requests.

The Court is convinced that given the nature of the raw data and the fact that it is much more easily used in conjunction with a financial database, Defendant's burden in deriving the information sought in Plaintiffs' interrogatories is significantly less than Plaintiffs'. The Court is also convinced that Defendant is better positioned to accurately interpret and explain how the documents produced are responsive to Plaintiffs' Interrogatories 1 and 2. Certainly Defendant has the capability to compute and provide in summary fashion annual sales figures and expenditures for specific

products. Under the Federal Rules, a party may be ordered to produce such information even when the electronic information does not exist in the format requested. *See generally* Fed. R. Civ. P. 34, Advisory Committee's notes specifying that a "respondent may be required to use his devices to translate the data into usable form." Furthermore:

> Although there may be some differences between requiring the production of existing tapes and requiring a party to so program the computer as to produce data in computer-readable as opposed to printout form, we find it to be a distinction without a difference, at least in the circumstances of this case.

*In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987,* 130 F.R.D. 634, 636 (E.D. Mich. 1989*)*(citing *National Union Electric Corp. v. Matsushita Electric Industrial Co., Ltd.,* 494 F. Supp. 1257, 1262-63 (E.D. Pa 1980)). This Court similarly concludes that Defendant must produce to Plaintiffs a more usable form of data that is responsive to Plaintiffs' Interrogatories 1 and 2.

Accordingly, Plaintiffs' Motion to Compel Defendant Wal-Mart to Provide Complete, Non-Evasive Answers to Interrogatory 1 and 2 is **GRANTED**. Defendant must produce within fifteen (15) days of this Order those documents responsive to Plaintiffs' interrogatory requests and or answers to Interrogatories 1 and 2.

### *Plaintiffs' Interrogatory No. 7*

Plaintiffs' Interrogatory No. 7 asks Defendant to:

> Describe when (month/day/year) that Defendant first became aware of Plaintiffs, how Defendant learned of Plaintiffs, and state with specificity what investigation, if any, Defendant conducted prior to offering to sell and selling the products identified in response to Interrogatory No. 2, including whether Defendant sought and obtained an opinion from counsel prior to doing so, and set forth the contents of any such opinion.

Wal-Mart originally objected to Interrogatory No. 7 on the grounds that:

> [T]he phrase "became aware of Plaintiffs" is vague, ambiguous and undefined. Wal-Mart further objects . . . because the phrase "learned of Plaintiffs" is vague, ambiguous and undefined. Wal-Mart further objects to this interrogatory insofar as it seeks information protected by the work product and/or attorney client privileges.

Defendant Wal-Mart objects that that, as a corporation composed of individuals whose personal knowledge cannot always be imputed to the corporation as a whole, Wal-Mart cannot state what it "knows" or when it "learned" it. This objection is disingenuous at best. Wal-Mart should be able to document its initial business contacts with Plaintiffs. In addition, Defendant Wal-Mart has failed to produce a privilege log or provide any factual basis underlying its privilege claim. As a result, Wal-Mart has failed to carry its burden to demonstrate the existence of a privilege with respect to Interrogatory 7. Plaintiff's Motion to Compel is **Granted**. Wal-Mart is ordered to answer Interrogatory 7 to the best of its ability.

Plaintiffs' Motion to Compel also seeks an order that depositions of Defendant Wal-Mart's designated corporate representatives take place within the Eastern District of Michigan, rather than at Wal-Mart's headquarters in Bensonville, Arkansas. Plaintiffs' Motion to Compel is **DENIED** as moot because Wal-Mart has agreed to allow its representatives to be deposed in this district.

Finally, the Court considers Plaintiffs' request for costs incurred in bringing this motion. Fed. R. Civ. P. 37 governs sanctions for a party's failure to make or cooperate in the discovery process. Specifically, Rule 37(d) authorizes a district court to impose discovery sanctions notwithstanding the absence of an order compelling discovery. In *Jackson v. Nissan Motor Corp.*, 888 F.2d 1391 (6th Cir. 1989)(unpublished), the court held that "the majority view authorizes Rule 37(d) sanctions when a party's 'evasive or incomplete answers to proper interrogatories impede discovery.'" *Jackson*, 888 F.2d at 1391 (citing *Badalamenti v. Dunham's Inc.*, 118 F.R.D. 437, 439

(E.D. Mich. 1987); *Bell v. Automotive Club of Michigan*, 80 F.R.D. 228, 232 (1978); *Airtex Corp. V. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)). Additionally, "[a] district court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders." *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003)(citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991)).

In this case, the Court concludes that Defendant's objections to Plaintiffs' discovery failed to conform with the Federal Rules of Civil Procedure. In this respect, Plaintiff is entitled to fees and costs under Rule 37. The Court also concludes that an award of costs and fees is an appropriate sanction given Defendant's bad faith and dilatory discovery tactics. Plaintiff is hereby ordered to submit, within ten (10) days from the date of this order, a Bill of Costs incurred in bringing this motion. Defendant may file an objection to Plaintiffs' Bill of Costs within five (5) days following Plaintiffs' filing after which the Court will determine the reasonableness of Plaintiffs' proposed Bill of Costs.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 12, 2006             s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: January 12, 2006                    s/ Lisa C. Bartlett
                                           Courtroom Deputy