UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE MARKS LLC,

        Plaintiff,

v.                                                  Case No. 04-73923
                                                   Honorable Patrick J. Duggan

CHI HSIN IMPEX, INC., COSTCO
WHOLESALE CORP., DICK'S SPORTING
GOODS, INC., DUNHAM'S ATHLEISURE CORP.,
MEIJER, INC., and WAL-MART STORES, INC.,

        Defendants.
_____/

**<u>OPINION AND ORDER DENYING MOTIONS FOR RECONSIDERATION
FILED BY DEFENDANTS COSTCO WHOLESALE CORPORATION, DICK'S
SPORTING GOODS, INC., DUNHAM'S ATHLEISURE CORPORATION,
MEIJER, INC. AND WAL-MART STORES, INC.[1]</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 31, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

This is a trademark infringement action brought by plaintiff Powerhouse Marks

LLC ("Powerhouse"). On January 4, 2006, this Court issued an opinion with respect to

---

[1] Defendant Wal-Mart Stores, Inc. filed a motion for reconsideration on January 10, 2006. On the same date, defendants Costco Wholesale Corporation, Dick's Sporting Goods Inc., Dunham's Athleisure Corporation, and Meijer, Inc. filed a motion for reconsideration incorporating by reference the arguments in the motion filed by Wal-Mart Stores, Inc.

1

various motions for summary judgment, including motions for summary judgment with respect to laches and estoppel filed by defendants Costco Wholesale Corporation ("Costco"), Dick's Sporting Goods, Inc. ("Dick's"), Dunham's Athleisure Corporation ("Dunham's"), Meijer, Inc. ("Meijer"), Wal-Mart Stores, Inc. ("Wal-Mart")(collectively the "retail defendants"), and Chi Hsin Impex, Inc. ("Impex").[2]  In that opinion, the Court concluded *inter alia* that "[t]here is no evidence . . . that the retail defendants intentionally sold infringing products."  *See* 1/1/04 Op. at 33.  Nevertheless, the Court denied Wal-Mart's, Costco's, and Meijer's motions for summary judgment based on laches because defendants failed to present any evidence as to when those defendants began advertising "Powerhouse" fitness equipment.  *See id.* at 34.  While the Court concluded that Dick's and Dunham's were entitled to a laches defense because they presented evidence as to when they began advertising "Powerhouse" fitness equipment, Powerhouse's claims against those defendants were not dismissed because Sixth Circuit precedent provides that laches only bars damages that occurred before the filing date of the lawsuit.  *See id.* & 1/10/06 Op. and Order Grant'g Pl.'s Mot. for Recons.

Presently before the Court are the retail defendants' motions for reconsideration with respect to the Court's January 4 opinion, filed pursuant to Rule 7.1(g) of the Local Rules for the Eastern District of Michigan.  The Court requested a response from

---

[2]Wal-Mart filed a separate motion for summary judgment with respect to laches and estoppel which merely incorporated by reference the arguments made in the remaining defendants' motion.

Powerhouse, which Powerhouse filed on January 18, 2005. Rule 7.1(g) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. *Id.*

The retail defendants argue in their motions for reconsideration that, because the Court found no evidence that they acted in bad faith, the Court erred in not concluding further that Powerhouse is barred from recovering damages measured by their profits. Because the retail defendants contend that Powerhouse only seeks damages from them measured by their profits, the retail defendants further argue that the Court erred in not dismissing Powerhouse's claims against them with prejudice. The retail defendants refer the Court to page 13 of their brief in support of the motions for summary judgment where they stated as follows: "Plaintiffs cannot recover any profits under the Lanham Act because Plaintiffs cannot show that the Defendants acted in bad faith in adopting and using the POWERHOUSE mark." *See* Wal-Mart's Mot. for Recons. at 2. In their motions for reconsideration, the retail defendants contend that "[t]his defense [wa]s separate from, and independent of, the laches and estoppel defenses asserted in [their motions for summary judgment]." *See id.*

In this Court's view, the retail defendants' motions for summary judgment did not set forth a defense based on *their* good faith separate from the defenses of laches and estoppel. Instead, defendants argued in their motions for summary judgment that Powerhouse was not entitled to an accounting with respect to their profits because *Impex*

3

acted in good faith. As set forth in the Court's January 4 opinion, the Court found a genuine issue of material fact with respect to whether Impex adopted Powerhouse's mark in good faith.

After receiving the retail defendants' motions for reconsideration, the Court reviewed their motions for summary judgment. The Court continues to conclude that the motions did not raise the defense the retail defendants now claim the Court overlooked. Thus the Court concludes that it was not put on notice that the retail defendants were setting forth a defense based on *their good faith* separate from the defenses of laches and estoppel in their motions for summary judgment. As Powerhouse informs the Court, it also was not aware that this defense was being raised in those motions.

In its response to the retail defendants' motions for summary judgment, Powerhouse did not address this "separate" defense. As Powerhouse explains in response to the retail defendants' motions for reconsideration, it did not address this defense because, in Powerhouse's view, it was not asserted. Powerhouse points out that defendants filed a separate motion for "summary adjudication" shortly after they filed their motions for summary judgment in which they raised the same defense the retail defendants now argue the Court overlooked. Powerhouse contends that this separate motion supports the conclusion– both Powerhouse's and the Court's– that this issue was not set forth as an independent defense in the original motions for summary judgment.[3]

---

[3] Because defendants have filed a separate motion raising the same defense it claims the Court failed to address and resolve in their motions for summary judgment, the

For the reasons set forth above,

**IT IS ORDERED**, that the motion for reconsideration filed by Defendant Wal-Mart Stores, Inc. is **DENIED**;

**IT IS FURTHER ORDERED**, that the motion for reconsideration filed by Defendant Costco Wholesale Corporation, Dick's Sporting Goods, Inc., Dunham's Athleisure Corporation, and Meijer, Inc is **DENIED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
George T. Schooff, Esq.
Edward R. Schwartz, Esq.
Kathleen Lang, Esq.
Howard W. Burdett, Jr., Esq.

---

issue of whether the Court "erred" in not addressing the issue in its original January 4 opinion is moot. Powerhouse has filed a response to defendants' motion for summary adjudication. Therefore, the Court will have an opportunity to decide whether defendants are entitled to that defense in an opinion and order resolving the motion in which the defense actually is raised.