UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE MARKS LLC,

       Plaintiff,

v.                                                                                    Case No. 04-73923
                                                                                                 Honorable Patrick J. Duggan

CHI HSIN IMPEX, INC., COSTCO
WHOLESALE CORP., DICK'S SPORTING
GOODS, INC., DUNHAM'S ATHLEISURE CORP.,
MEIJER, INC., and WAL-MART STORES, INC.,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE FROM EVIDENCE DEFENDANT CHI HSIN IMPEX, INC.'S UNTIMELY PRODUCED COST DOCUMENTS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 2, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

In the present motion, Plaintiff seeks to preclude Defendant Impex from introducing as evidence at trial certain documents relating to "costs." Plaintiff argues that the Court should impose this "sanction" because Impex failed to comply with discovery rules and orders of this Court relating to discovery. Impex contends that it produced the requested documents within the discovery deadline. Specifically, Impex asserts that it produced the documents on September 13, 2005, which was prior to the revised discovery

1

deadline of September 15, 2005, set by the Court at a status conference held on June 8, 2005.

In this Court's opinion, this is another one of the many "procedural disputes" that have needlessly occupied much attorney time and much Court time. The Court has reviewed the arguments on both sides of this "discovery dispute" and even if the Court believes that Impex could have been more cooperative in producing the documents, the Court is not satisfied that such "lack of cooperation"– if any– warrants the harsh sanction of depriving Impex from introducing this evidence.

The Court has advised the parties that trial of this case will not take place before April 15, 2006. In view of the fact that Powerhouse has had the documents it requested since September 13, 2005, the Court is satisfied that there will be no undue prejudice to Powerhouse if Impex is allowed to offer these documents as evidence.

For the reasons set forth above, Plaintiff's motion to exclude from evidence certain cost documents is **DENIED.**

**SO ORDERED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
George T. Schooff, Esq.
Edward R. Schwartz, Esq.
Kathleen Lang, Esq.
Howard W. Burdett, Jr., Esq.