UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE MARKS LLC,

    Plaintiff,

v.                                                  Case No. 04-73923
                                                 Honorable Patrick J. Duggan

CHI HSIN IMPEX, INC., COSTCO
WHOLESALE CORP., DICK'S SPORTING
GOODS, INC., DUNHAM'S ATHLEISURE CORP.,
MEIJER, INC., and WAL-MART STORES, INC.,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS CHI HSIN IMPEX, INC.'S, COSTCO WHOLESALE CORPORATION'S, AND MEIJER, INC.'S MOTION FOR RECONSIDERATION ON THE ISSUE OF LACHES**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 5, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

This is a trademark infringement action brought by plaintiff Powerhouse Marks LLC ("Powehouse"). On January 4, 2006, this Court issued an opinion with respect to various motions for summary judgment, including motions for summary judgment with respect to laches and estoppel[1] filed by defendants Costco Wholesale Corporation

---

[1] After plaintiff filed its response to defendants' motions, defendants withdrew their request for summary judgment based on estoppel.

1

("Costco"), Dick's Sporting Goods, Inc., Dunham's Athleisure Corporation, Meijer, Inc. ("Meijer"), Wal-Mart Stores, Inc., and Chi Hsin Impex, Inc. ("Impex")(collectively "defendants").  In that opinion, the Court found *inter alia* a genuine issue of material fact as to whether Impex wilfully infringed Powerhouse's trademarks.  The Court rejected defendants' argument that federal trademark registration is *prima facie* evidence of good faith use of a mark and negates any finding of willful infringement.  The Court also concluded that laches is not a defense when the defendant intentionally infringed the plaintiff's mark and that therefore Impex's, Meijer's, and Costco's motion for summary judgment with respect to laches should be denied.  Presently before the Court is a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(g) with respect to those issues, filed by Impex, Meijer, and Costco.

Rule 7.1(g) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect.  E.D. Mich. LR 7.1(g).  A motion that merely presents the same issues already ruled upon by the Court shall not be granted.  *Id*.

Impex, Costco, and Meijer raise the same arguments in their motion for reconsideration that they previously raised in their motion for summary judgment on laches.  In deciding that motion, the Court carefully considered whether Impex's registration of its mark precluded a finding of willful infringement and whether laches is an available defense when a defendant intended infringement.  *See* 1/4/06 Op. at 27 & 33.

Impex, Costco, and Meijer fail to convince the Court that it committed a palpable defect or erred in resolving those issues.

Accordingly,

**IT IS ORDERED**, that the motion for reconsideration on the issue of laches filed by Defendants Chi Hsin Impex, Inc., Costco Wholesale Corporation, and Meijer, Inc. is **DENIED**.

                                               s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:
George T. Schooff, Esq.
Edward R. Schwartz, Esq.
Kathleen Lang, Esq.
Howard W. Burdett, Jr., Esq.