UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE MARKS LLC,

    Plaintiff,

v.                                            Case No. 04-73923
                                               Honorable Patrick J. Duggan

CHI HSIN IMPEX, INC., COSTCO
WHOLESALE CORP., DICK'S SPORTING
GOODS, INC., DUNHAM'S ATHLEISURE CORP.,
MEIJER, INC., and WAL-MART STORES, INC.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART POWERHOUSE MARKS L.L.C.'S BILL OF COSTS AND FEES PURSUANT TO THE COURT'S NOVEMBER 15, 2005 OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 5, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On November 22, 2005, Plaintiff Powerhouse Marks L.L.C. ("Powerhouse") filed its Notice of Application for a Bill of Costs and Fees Pursuant to the Court's November 15, 2005 Opinion and Order. Powerhouse seeks costs and fees in the amount of $19,870.17 pursuant to the Court's award of costs and fees as sanctions for discovery violations by Defendants Costco Wholesale Corporation, Dick's Sporting Goods, Inc., Dunham's Athleisure Corporation, and Meijer, Inc. (collectively "Retail Defendants").

1

The Retail Defendants filed a response to Powerhouse's request, raising the following objections: (1) over-billing due to over-staffing; (2) computer database search charges on August 18, 2005, on which date there is no corresponding attorney billing entry; (3) computer database search charges on October 6, 10, 12, and 13, 2005, after Powerhouse's reply brief regarding its motion to compel had been filed; (4) charges related to Powerhouse's review of and response to materials relevant to Defendant Chi Hsin Impex, Inc. only (e.g., document requests, document production, and correspondence); (5) charges not related to the discovery requests at issue in Powerhouse's September 9, 2005 motion to compel which was the subject of the Court's November 15, 2005 Opinion and Order; and, (6) excessive billing for certain tasks (e.g., reviewing Court notices and other e-mails and compiling time and cost entries for motion).

Having reviewed Powerhouse's petition for fees and costs and the Retail Defendants' objections thereto, the Court finds that Powerhouse is entitled to some but not all of its requested costs and fees. Specifically, the Court agrees with the Retail Defendants that they should not be taxed costs and fees for Powerhouse's review of and response to materials and documents from Impex on July 11 and August 19, 2005. The entry on July 11, however, does not refer only to time spent on matters related to Impex; as the entry provides, counsel also "prepar[ed] a letter to opposing counsel to request responses to Plaintiff's Interrogatories and Document Request submitted to Defendants *other than Impex*." *See* Notice Ex. 2 at 1 (emphasis added). But as the Court is not able to determine what percentage of the 1.75 hours billed on that date relates to the Retail

Defendants due to Powerhouse counsel's block billing, the Court only will award Powerhouse half of its fees ($170.63) for that date. The Court will deduct the full amount billed for August 19, however ($96.25).

While the Court finds that the entries by Powerhouse's counsel on August 13 and 30 refer to the Retail Defendants, it does not appear that the billings for 5.5 hours on August 13 or 3.4 hours on August 30 relate to Powerhouse's attempt to obtain discovery from the Retail Defendants, including preparation of its motion to compel. The Court therefore will deduct the total fees billed in those entries ($2,381.50).

The Court further agrees with the Retail Defendants that it is excessive to bill a quarter of an hour for reviewing electronic notifications from the Court which simply alerted the parties to the filing of a motion or the referral of a motion to the magistrate judge. As a result the Court will deduct the fees billed for such tasks on September 9 and 12, 2005 ($193). The Court also will deduct the costs of computer database searches conducted in October 2005, after Powerhouse completed and submitted its reply brief ($337.89). The Court will not deduct the cost for such research on August 18, 2005, as the research was conducted before Powerhouse filed its motion to compel and appears to have been performed by a non-lawyer, Susan Steinke.

The Court does not find that there was a duplication of efforts due to over-staffing. The Court also disagrees with the Retail Defendants with respect to their remaining objections. It appears to the Court that Powerhouse's remaining fees and costs were incurred by Powerhouse in its attempt to discover the matters at issue in its motion to

compel and the Court finds such fees and costs to be reasonable.

Based on the above, the Court concludes that $3,179.27 should be deducted from Powerhouse's total requested fees and costs. Accordingly,

**IT IS ORDERED**, that Powerhouse's request for a bill of costs and fees pursuant to the Court's November 15, 2005 Opinion and Order is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED**, that Defendants Costco Wholesale Corporation, Dick's Sporting Goods, Inc., Dunham's Athleisure Corporation, and Meijer, Inc. are ordered to pay Powerhouse's costs and fees in the amount of $16,690.90.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
George T. Schooff, Esq.
Edward R. Schwartz, Esq.
Kathleen Lang, Esq.
Howard W. Burdett, Jr., Esq.