UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE MARKS LLC,

    Plaintiff,

v.                                                       Case No. 04-73923
                                                       Honorable Patrick J. Duggan

CHI HSIN IMPEX, INC., COSTCO
WHOLESALE CORP., DICK'S SPORTING
GOODS, INC., DUNHAM'S ATHLEISURE CORP.,
MEIJER, INC., and WAL-MART STORES, INC.,

    Defendants.
_____/

**<u>OPINION AND ORDER</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 5,2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Presently before the Court is defendant Wal-Mart Stores, Inc.'s ("Wal-Mart's") January 17, 2006 objection to Magistrate Judge Mona K. Majzoub's January 12, 2006 opinion and order granting a motion to compel filed by plaintiff Powerhouse Marks, L.L.C. ("Powerhouse"). Also before the Court is Powerhouse's January 17, 2006 application for a bill of costs and fees pursuant to Magistrate Judge Majzoub's opinion and order. In her opinion and order, Magistrate Judge Majzoub ordered Wal-Mart to provide complete, non-evasive answers to Powerhouse's interrogatory numbers 1, 2, and

7. Additionally, concluding that Wal-Mart acted in bad faith and engaged in dilatory discovery tactics, Magistrate Judge Majzoub sanctioned Wal-Mart by ordering it to pay Powerhouse's costs and fees in bringing its motion.

Powerhouse's motion to compel, which was the subject of Magistrate Judge Majzoub's January 12, 2006 opinion and order, was filed on September 21, 2005. Magistrate Judge Majzoub issued a decision with respect to the motion almost four months after the motion was filed and without the benefit of a hearing or supplemental briefing.  As a result, the magistrate judge lacked relevant information with regard to Wal-Mart's interim efforts to respond to Powerhouse's interrogatories.[1]  During that time period, Wal-Mart submitted supplemental responses to Powerhouse's interrogatories and Powerhouse deposed Wal-Mart's Rule 30(b)(6) witness.

Having reviewed the discovery Wal-Mart provided to Powerhouse after September 21, 2005 (including Wal-Mart's supplemental responses attached as Exhibit G to its objection and the deposition transcript from the deposition of Wal-Mart's Rule 30(b)(6) witness attached as Exhibit F), this Court believes that Wal-Mart adequately responded to Powerhouse's interrogatories.  In any event, on February 2, 2006, this Court issued an opinion and order which rendered irrelevant the information Powerhouse sought in its

---

[1]Notably, in its initial responses to Powerhouse's interrogatory numbers 1 and 2, Wal-Mart indicated that it was waiting until a protective order was executed to produce certain information.  A protective order only was executed on September 1, 2005.

interrogatories.[2]  Therefore the Court concludes that Magistrate Judge Majzoub's opinion and order compelling Wal-Mart to respond to Powerhouse's discovery requests should be vacated.

Moreover, in this Court's opinion, Magistrate Judge Majzoub would not have concluded that Wal-Mart acted in bad faith if she had been informed of Wal-Mart's efforts after Powerhouse's motion to compel was filed.  The Court therefore will also vacate the award of sanctions to Powerhouse.  Based on this conclusion, Powerhouse's application for a bill of costs and fees will be denied as moot.

Accordingly,

**IT IS ORDERED**, that Magistrate Judge Majzoub's January 12, 2006 opinion and order is **VACATED**;

**IT IS FURTHER ORDERED**, that Powerhouse Marks L.L.C.'s application for a bill of costs and fees is **DENIED AS MOOT**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Magistrate Judge Mona K. Majzoub
George T. Schooff, Esq.
Edward R. Schwartz, Esq.
Kathleen Lang, Esq.
Howard W. Burdett, Jr., Esq.

---

[2]In its interrogatory numbers 1 and 2, Powerhouse requested information relevant to Wal-Mart's profits from its sale of defendant Chi Hsin Impex Inc.'s POWERHOUSE branded fitness equipment.  In its February 2 decision, this Court concluded *inter alia* that Powerhouse is not entitled to a disgorgement of profits from Wal-Mart.

3