UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWERHOUSE MARKS LLC,

    Plaintiff,

v.                                                    Case No. 04-73923
                                                      Honorable Patrick J. Duggan

CHI HSIN IMPEX, INC., COSTCO
WHOLESALE CORP., DICK'S SPORTING
GOODS, INC., DUNHAM'S ATHLEISURE CORP.,
MEIJER, INC., and WAL-MART STORES, INC.,

    Defendants.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT CHI HSIN IMPEX'S
MOTION FOR JUDGMENT AS A MATTER OF LAW</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 4, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

Plaintiff Powerhouse Marks L.L.C. ("Powerhouse") filed this action alleging that defendants infringed its "POWERHOUSE" trademark. The matter proceeded to trial on May 1, 2006, against all defendants, except defendant Wal-Mart Store, Inc. On May 11, 2006, the jury returned a verdict in favor of Powerhouse. Presently before the Court is defendant Chi Hsin Impex's renewed motion for judgment as a matter of law. In its motion, Chi Hsin Impex ("Impex") contends that the jury's finding that it intentionally infringed the POWERHOUSE mark is contrary to law due to Impex's registration of

1

POWERHOUSE FITNESS and the PTO's approval of that registration.  Impex also asserts that it is entitled to a presumption of laches despite the jury's finding that it "intended to derive a benefit from [Powerhouse's] goodwill or reputation."

The parties previously filed cross-motions for summary judgment in this case.  In their motions, defendants made the following two arguments.  First, they argued that Powerhouse's action was barred by the doctrine of laches.  Second, they contended that the trier of fact is precluded from finding that Impex intentionally infringed Powerhouse's mark due to Impex's registration of POWERHOUSE FITNESS for use on its fitness equipment and the United States Patent and Trademark Office's approval of Impex's registration.  The Court rejected both arguments in an opinion and order issued on January 4, 2006.

As to defendants' laches defense, the Court in fact found that Powerhouse knew that Impex was using the POWERHOUSE mark for at least five years before it filed suit.  *See* 1/4/06 Op. and Order at 32.  The Court held, however, that ". . . 'laches is not a defense . . . when the defendant intended the infringement" as "'he who comes into equity must come with clean hands.'" *See id*. at 33 (citations omitted).  Finding a genuine issue of material fact as to whether Impex deliberately selected the POWERHOUSE mark intending to benefit from Powerhouse's goodwill and reputation, the Court concluded that there was a genuine issue of material fact as to whether Impex could assert laches to bar Powerhouse's request for pre-suit damages.

With respect to Impex's registration of the POWERHOUSE FITNESS mark and

the PTO's approval of that registration, the Court held that federal trademark registration is not *prima facie* evidence of good faith use of a mark, negating any finding of willful infringement. *See id*. at 27. While Impex cited case law from other jurisdictions in which courts held to the contrary, this Court read the Sixth Circuit's decision in *Marketing Displays, Inc. v. Traffix Devices, Inc.*, as specifically rejecting that view. 1/4/06 Op. and Order at 27 (citing *Mktg. Displays*, 200 F.3d 929, 936 (1999), *rev'd on other grounds*, 523 U.S. 23, 121 S. Ct. 1255 (2001). Specifically, the Sixth Circuit stated in *Marketing Displays*:

> That Kulp, the owner of TrafFix [the defendant], sought the advice of counsel and the approval of the PTO does not disprove that he hoped to trade on the goodwill and reputation of the [plaintiff's] brand. It merely indicates that he wanted to do so while staying within the bounds of the law.

*Id*. at 936.

On January 12, 2006, defendants Impex, Costco Wholesale Corporation, and Meijer, Inc. filed a motion for reconsideration with respect to the above issues. These defendants raised the same arguments in support of their motion for reconsideration that defendants previously raised in their motions for summary judgment. The Court denied the motion for reconsideration in an opinion and order issued on April 5, 2006, indicating that, in deciding the parties' motions for summary judgment, it had "carefully considered whether Impex's registration of its mark precluded a finding of willful infringement and whether laches is an available defense when a defendant intended infringement. *See* 4/5/06 Op. and Order at 2. The Court held that Impex, Costco, and Meijer had "fail[ed]

3

to convince the Court that it committed a palpable defect or erred in resolving those issues." *Id.* at 3.

As indicated above, this Court has carefully considered on two prior occasions (1) whether Impex's registration of POWERHOUSE FITNESS and the PTO's approval of that registration establishes its good faith adoption of the POWERHOUSE mark, and (2) whether an infringer's intent to trade upon the goodwill and reputation of a trademark holder in adopting a mark precludes it from asserting the equitable defense of laches. The Court has reviewed Impex's current motion and brief, Powerhouse's response, and Impex's reply, as well as the relevant case law, and is not convinced that its previous resolution of these issues was in error.[1]

For the above reasons,

---

[1] Moreover, the Court notes that Impex presented evidence to the jury regarding its registration of the POWERHOUSE FITNESS mark and the PTO's approval of the registration and Impex specifically argued to the jury that this evidence established its good faith in adopting the POWERHOUSE mark for use on its fitness equipment. The jury obviously rejected this argument, concluding, despite this evidence, that Impex adopted the mark with the intent to derive a benefit from plaintiff's goodwill or reputation. Additionally, the parties drafted a proposed jury instruction, which the Court read to the jury, providing that "Impex's trademark registration does not establish Impex's good faith." Impex did not object to the Court's instruction.

**IT IS ORDERED**, that Impex's motion for judgment as a matter of law is

**DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
George T. Schooff, Esq.
Edward R. Schwartz, Esq.
Kathleen Lang, Esq.
Howard W. Burdett, Jr., Esq.